**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ESTATE OF ROBIN
COTTINGHAM, et al.,
     Plaintiffs,

  vs.

HAMILTON COUNTY DEPT. OF
JOB AND FAMILY SERVICES, et al.,
     Defendants.

Case No. 1:16-cv-704
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT**
**AND RECOMMENDATION**

This action is before the Court on the motion to proceed *in forma pauperis* of plaintiff

Robert Midell, in his individual capacity as the biological father of Robin Cottingham, a

deceased minor child.  (Doc. 1).  It appears from Mr. Midell's affidavit that he lacks the funds to

pay the costs or give security for such costs.  The Court therefore **GRANTS** the motion (Doc. 1)

and hereby authorizes commencement of this action as to plaintiff Robert Midell without

prepayment of fees or costs.

However, the Estate of Robin Cottingham may not proceed *in forma pauperis* in this

case.  Only natural persons may proceed *in forma pauperis* under 28 U.S.C. § 1915.  *Rowland v.*

*California Men's Colony,* 506 U.S. 194, 196 (1993).  *See also SCLG-LLC v. Kuntz*, No. 3:15-cv-

156, 2015 WL 4550344, at *1 (S.D. Ohio Apr. 30, 2015), *report and recommendation adopted,*

2015 WL 4550059 (S.D. Ohio May 21, 2015).  Because an estate is not a natural person, the

Estate of Robin Cottingham may not proceed *in forma pauperis* in this case.  *See In re Estate of*

*Van Putten,* 553 F. App'x 328 (4th Cir. 2014) (per curiam) (an estate may not proceed *in forma*

*pauperis*); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (same).   Therefore, to the

extent Mr. Midell, as administrator of the Estate of Robin Cottingham, seeks leave to proceed *in*

*forma pauperis* on behalf of the estate, his motion should be denied.

It is **ORDERED** that the United States Marshal serve a copy of the complaint, summons, and this order upon defendants.  All costs of service shall be advanced by the United States. It is further **ORDERED** that plaintiff Robert Midell shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff Robert Midell shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendants or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

It is further **ORDERED** that plaintiff Robert Midell shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS RECOMMENDED** that Robert Midell's motion for leave to proceed *in forma pauperis* on behalf of the Estate of Robin Cottingham be **DENIED**.  If this recommendation is adopted, the Court should order the Estate of Robin Cottingham  to submit the full filing fee of $400.00 to the Clerk of Court within 30 days of the date of any Order adopting this Report and Recommendation if the estate wishes to proceed as a plaintiff in this matter.

**IT IS SO ORDERED**.

Date: 7/5/16

Karen L. Litkovitz
United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ESTATE OF ROBIN
COTTINGHAM, et al.,
    Plaintiffs,

vs.

HAMILTON COUNTY DEPT. OF
JOB AND FAMILY SERVICES, et al.,
    Defendants.

Case No. 1:16-cv-704
Dlott, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).

3